UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CHRISTOPHER SIMMONS,
      Petitioner,

vs.                             Case No.:  4:21cv360/MW/EMT

RICKY D. DIXON,
      Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Christopher Simmons (Simmons) filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 10).  Respondent (the State) filed a motion to dismiss the petition as untimely (ECF No. 12), with relevant portions of the state court record (ECF Nos. 12-1 through 12-33).  Simmons filed a reply to the State's answer (ECF No. 15) and subsequently filed an amended reply (ECF No. 16).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C) and Fed. R. Civ. P. 72(b).  After careful consideration of the timeliness issue, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rule 8(a), Rules Governing Section 2254 Cases.  It is further the opinion of

the undersigned that the pleadings and attachments before the court show that Simmons' § 2254 petition should be dismissed as untimely.

I.     BACKGROUND AND PROCEDURAL HISTORY

The relevant aspects of the procedural background of this case are established by the state court record (*see* ECF Nos. 12-1 through 12-33).[1]    Simmons was indicted in the Circuit Court in and for Leon County, Florida, Case No. 2014-CF-1224, for one count of first degree capital murder (Count I) and one count of attempted first degree murder (Count II) (ECF No. 12-3 at 15–16 (indictment)).  A jury trial was held on September 29–October 2, 2015, at the conclusion of which the jury found Simons guilty of the lesser included offense of second degree murder on Count I and the lesser included offense of attempted second degree murder on Count II (ECF Nos. 12-5 through 12-11 (transcripts of jury trial), ECF No. 12-3 at 56–59 (verdicts)).  The jury specifically found that Simmons actually possessed a firearm during commission of both offenses (ECF No. 12-3 at 56–59 (verdicts)).   On December 21, 2015, Simmons was sentenced to twenty years in prison, with a ten-year mandatory minimum, on Count I (ECF No. 12-3 at 63–73 (judgment and

---

[1] The court refers to the document numbers and page numbers automatically assigned by the court's electronic filing system.

sentence), 88–119 (transcript of sentencing)).  On Count II, Simmons was sentenced to a term of twenty years in prison, with a ten-year mandatory minimum, followed by ten years of probation (*id.* at 63–67 (judgment and sentence), *id.* at 82–87 (order of probation)).  The court ordered the sentences to run consecutively (*id.* at 63–67 (judgment and sentence)).  Simmons filed a notice of appeal (ECF No. 12-3 at 75 (notice of appeal)).  An appeal was docketed in the Florida First District Court of Appeal (First DCA), Case No. 1D16-26.

During the pendency of the direct appeal, Simmons filed a motion to correct sentencing errors in the trial court, pursuant to Rule 3.800(b)(2) of the Florida Rules of Criminal Procedure (ECF No. 12-15 at 3–10 (Rule 3.800(b)(2) motion).  Simmons filed an amended Rule 3.800(b)(2) motion (ECF No. 12-15 at 17–25 (amended Rule 3.800(b)(2) motion)).  The circuit court held a hearing on August 19, 2016 (ECF No. 12-15 at 78–97 (transcript)).   The court granted the amended Rule 3.800(b)(2) motion only to the extent that the ten-year mandatory minimum portions of Simmons' sentences were corrected to run concurrently, and the order of probation was corrected to reflect Simmons was tried by a jury (ECF No. 12-15 at 74 (order)).  An amended judgment rendered August 19, 2016 (ECF No. 12-15 at 58–73 (amended judgment and sentence and amended order of probation)).

The parties filed briefs in the direct appeal (*see* ECF No. 12-16 (Simmons'

initial brief); ECF No. 12-17 (the State's answer brief); ECF No. 12-18 (Simmons'

reply brief)).  On March 31, 2017, the First DCA affirmed in part, reversed in part,

and remanded for resentencing as follows:

PER CUIAM.

Appellant raises two issues in this direct criminal appeal.  First, he contends that it was error under <u>Williams v. State</u>, 186 So. 3d 989 (Fla. 2016), and <u>Gartman v. State</u>, 197 So. 3d 1181 (Fla. 1st DCA 2016), for any portion of his sentences to be imposed consecutively. Second, he contends that it was error for a successor judge to rule on his rule 3.800(b)(2) motion and resentence him over his objection.  The State concedes error on the second issue, but argues that the trial court has the discretion to impose consecutive sentences on remand.

We accept the State's concession of error on the second issue because there was no showing of necessity or an emergency that would justify resentencing by a successor judge in this case.  See <u>Clemons v. State</u>, 816 So. 2d 1180, 1182 (Fla. 2d DCA 2002) (explaining that the reassignment of the original judge to a different division is not a legally sufficient reason for a successor judge to preside over resentencing). Accordingly, we reverse Appellant's sentence and remand for resentencing by the original judge.

Although this moots the first issue, we will address it for the benefit of the parties and the trial court on remand.  The record reflects that Appellant was convicted as a principal of second-degree murder and attempted second-degree murder based on the shooting of two individuals by his co-defendant.  But, because the jury only found that Appellant possessed a firearm, concurrent sentences were required. See <u>Williams</u>, 186 So. 3d 993 (holding that consecutive mandatory minimum terms under the 10-20-Life statute are permissible—but not

mandatory—when multiple victims were shot at, but that they are "impermissible . . . if the firearm was merely possessed but not discharged"); <u>State v. Christian</u>, 692 So. 2d 889, 891( Fla. 1997) ("The stacking of firearm mandatory minimum terms thus is . . . impermissible where the defendant does not fire the weapon."); <u>Gartman</u>, 197 So. 3d at 1182 (construing <u>Williams</u> to mean that no portion of a sentence under the 10-20-Life statute for a second qualifying offense can be consecutive where the jury found that the defendant only possessed a firearm). That said, because second-degree murder is a first-degree felony punishable by a term of years up to life in prison, <u>see</u> § 782.04(2), Fla. Stat. (2013), the requirement for concurrent sentences will not preclude the trial court on remand from structuring Appellant's sentences in a manner that achieves the original sentencing goal of an overall sentence of 40 years in prison followed by 10 years of probation. <u>See</u> <u>James v. State</u>, 845 So. 2d 238, 240 (Fla. 1st DCA 2003) (citing <u>Harris v. State</u>, 645 So. 2d 386 (Fla. 1994)).

Finally, because Appellant does not challenge his convictions on appeal, we affirm them without discussion.

(ECF No. 12-19 (opinion)). *Simmons v. State*, 215 So. 3d 162 (Fla. 1st DCA 2017).

The circuit court held a resentencing on July 7, 2017, and resentenced Simmons to forty years in prison followed by ten years of probation on Count I and a concurrent term of twenty years in prison on Count II, with concurrent ten-year mandatory minimum terms on both sentences (ECF No. 12-32 (resentencing judgment); ECF No. 12-33 (hearing record)). The court entered a resentencing judgment on July 7, 2017, *nunc pro tunc* to December 21, 2015, which was filed in

open court (ECF No. 12-32 (resentencing judgment)).  Simmons concedes he did

not appeal the resentencing judgment (*see* ECF No. 16 at 2–3).

On September 6, 2018, Simmons filed a motion for post-conviction relief in

the state circuit court, pursuant to Rule 3.850 of the Florida Rules of Criminal

Procedure (ECF No. 12-23 at 4–19 (Rule 3.850 motion)).  The court appointed

counsel for Simmons and held an evidentiary hearing on September 3, 2019 (ECF

No. 12-23 at 56, 58, 62, 67, 70 (orders appointing counsel); ECF No. 12-24

(transcript of evidentiary hearing)).  On September 3, 2019, the circuit court entered

a final order denying Simmons' Rule 3.850 motion for the reasons stated on the

record at the conclusion of the evidentiary hearing (ECF No. 12-23 at 901 (order)).

Simmons appealed the decision to the First DCA, Case No. 1D19-3595 (ECF No.

12-25 (Simmons' initial brief); ECF No. 12-26 (the State's answer brief); ECF No.

12-27 (Simmons' reply brief)).  The First DCA affirmed the lower court's decision

per curiam without written opinion on July 23, 2020 (ECF No. 12-28 (decision)).

*Simmons v. State*, 299 So. 3d 1034 (Fla. 1st DCA 2020) (Table).  The mandate issued

August 20, 2020 (ECF No. 12-29 (mandate)).

On July 12, 2019, Simmons filed a petition for writ of habeas corpus in the

First DCA, Case No. 1D19-2611, alleging ineffective assistance of appellate counsel

(ECF No. 12-21 (petition)).  The First DCA denied the petition on the merits on June 8, 2020 (ECF No. 12-22 (decision)).  *Simmons v. State*, 301 So. 3d 1102 (Fla. 1st DCA 2020) (Mem).

Simmons commenced this federal habeas action on August 30, 2021 (ECF No. 1 (federal habeas petition).  Simmons subsequently filed an amended petition (ECF No. 10 (amended petition)).

## II.    APPLICABLE LEGAL STANDARDS

A one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment.  *See* 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The statute also includes a tolling provision, which provides, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." *See* 28 U.S.C. § 2244(d)(2).

Federal habeas petitioners may also invoke the doctrine of "equitable tolling." *See Holland v. Florida*, 560 U.S. 631 (2010). A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Further, for equitable tolling to apply, there must be a causal connection between the extraordinary circumstances and the failure to file on time. *See Thomas v. Att'y Gen.*, 795 F.3d 1286, 1292 (11th Cir. 2015). Absent a causal connection, tolling is not available. *Id.*

If the petitioner fails to establish both extraordinary circumstances and diligence, then equitable tolling is not available. *See Diaz v. Sec'y for Dep't of Corr.*, 362 F.3d 698, 702 (11th Cir. 2004). "Each case turns on its own facts." *Knight v. Schofield*, 292 F.3d 709, 711 (11th Cir. 2002). The petitioner bears the burden of showing that equitable tolling is warranted. *See Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002), *overruled on other grounds as recognized by Jones v. Sec'y, Fla. Dep't of Corr.*, 906 F.3d 1339, 1351 (11th Cir. 2018).

## III.   DISCUSSION

The State contends, and Simmons does not dispute, the appropriate statutory trigger for the federal limitation period in this case is the finality date of the judgment, pursuant to § 2244(d)(1)(A) (*see* ECF No. 12 at 4; ECF No. 16 at 1–3). The State argues the relevant judgment is the original judgment rendered on December 15, 2015, because the amended judgment entered on July 7, 2017 was entered "*nunc pro tunc* December 21, 2015" and thus was not a "new judgment" for purposes of § 2244(d) (*see* ECF No. 12 at 4 n.3 (citing *Osbourne v. Sec'y, Fla. Dep't of Corr.*, 968 F. 3d 1261, 1262–63 (11th Cir. 2020) (holding that amended sentence imposed *nunc pro tunc* under Florida law to date of original judgment was not a "new judgment" for purposes of § 2244(b))).

Simmons contends the resentencing judgment, rendered on July 17, 2017, is the operative judgment for purposes of § 2244(d)(1) (*see* ECF No. 16 at 1–3).

The court need not decide which judgment is the operative judgment because even if the resentencing judgment of July 7, 2017, is the operative judgment, Simmons' § 2254 petition would be untimely.  Simmons did not appeal the resentencing judgment.  If a prisoner does not appeal the state court judgment, his conviction becomes final when the time for filing a direct appeal expires.  *See* Fla. R. App. P. 9.140(3).  Simmons' conviction thus became final, for federal habeas purposes, on August 6, 2017, upon expiration of the thirty-day period for filing a notice of appeal of the resentencing judgment.[2]  The federal limitation period commenced the next day, on August 7, 2017,[3] and expired one year later, on August 7, 2018.  *See Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1289 n.1 (11th Cir.

---

[2] Simmons argues the judgment became final ninety days after the thirty-day direct appeal deadline ran (*see* ECF No. 16 at 2–3).  The Supreme Court has rejected this argument.  *See Gonzalez v. Thaler*, 565 U.S. 134, 149–150 (2012) (holding that if a state prisoner does not pursue the highest level of review available to him in the state court system, he is not entitled to the additional ninety days for seeking certiorari review in the United States Supreme Court).

[3] Federal Rule of Civil Procedure 6(a) provides that in computing any time specified in any statute that does not specify a method of computing time, the day of the event that triggers the period is excluded, and the last day of the period is included.  *See* Fed. R. Civ. P. 6(a)(1); *see also Washington v. United States,* 243 F.3d 1299, 1301 (11th Cir. 2001) (Rule 6 applies to calculation of one-year statute of limitation under AEDPA).

Case No.:  4:21cv360/MW/EMT

2007) (noting that the AEDPA's statute of limitation period should be calculated using "the anniversary date of the triggering event").

Simmons' Rule 3.850 motion and state habeas petition were filed after August 7, 2018, and thus did not toll the federal limitation period. *See Moore v.* Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003) (holding that a state application for post-conviction relief does not reset or restart the federal statute of limitation once the limitation period expires, even though the application is "properly filed" under state law); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (holding that a Florida state prisoner's application for state post-conviction relief filed outside the one-year period provided by AEDPA did not toll the limitation period even though the application was properly filed under state law).

Simmons contends he is entitled to equitable tolling on the ground that restrictions on his access to the institutional law library imposed in response to the COVID-19 pandemic prevented him from timely filing his § 2254 petition (*see* ECF No. 16 at 1–4).

The State contends Simmons cannot show a causal connection between the COVID-19 restrictions and the late filing of his section 2254 petition because the State of Florida did not establish its COVID-19 response protocol or declare a public

health emergency until March 1, 2020, well after Simmons' federal limitation period expired (*see* ECF No. 12 at 8).

As discussed *supra*, Simmons' federal filing deadline was August 7, 2018. Simmons cannot show a causal connection between COVID-19 restrictions imposed in 2020 and the failure to file his § 2254 petition on time. Therefore, equitable tolling is not warranted.

## IV.    CONCLUSION

Simmons' federal habeas petition was not filed within the one-year statutory limitation period; and he has not shown he is entitled to federal review of his habeas claims through any recognized exception to the time bar. Therefore, the State's motion to dismiss should be granted, and the amended habeas petition dismissed with prejudice as untimely.

## V.    CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice

of appeal must still be filed, even if the court issues a certificate of appealability.  28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'"  *Miller-El v. Cockrell*, 537 U.S. 322, 336  (2003) (quoting § 2253(c)(2)).  "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'"  *Buck v. Davis*, 137 S. Ct. 759, 773  (2017) (citing *Miller-El*, 537 U.S. at 327).   The petitioner here cannot make that showing.   Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of  Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

Case No.:  4:21cv360/MW/EMT

1.    That Respondent's motion to dismiss (ECF No. 12) be **GRANTED**.

2.    That the amended petition for writ of habeas corpus (ECF No. 10) be

**DISMISSED with prejudice** as untimely.

3.    That a certificate of appealability be **DENIED**.

4.    That the clerk of court enter judgment accordingly and close this case.

At Pensacola, Florida, this 18<u>th</u> day of March 2022.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M.  TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>.  An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**