IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**CHRISTOPHER SIMMONS,**

    *Petitioner*,

v.                                                                   Case No.: 4:21cv360-MW/EMT

**RICKY D. DIXON,**

    *Respondent.*

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

This Court has considered, without hearing, the Magistrate Judge's Report and Recommendation, ECF No. 17, and has also reviewed *de novo* Petitioner's objections, ECF No. 18. In his objections, Petitioner concedes that he cannot advance his equitable tolling argument. ECF No. 18 at 1. However, Petitioner now asserts that he can overcome his procedural default by establishing a fundamental miscarriage of justice—namely, his actual innocence. *Id*. at 2.

The Supreme Court has consistently reaffirmed the existence and importance of a "fundamental miscarriage of justice" exception to procedural and time bars. *See Schlup v. Delo*, 513 U.S. 298, 321 (1995) (citations omitted). The Court recognized that a "credible showing of actual innocence" provides a "gateway" through which a petitioner may pursue his federal habeas claims on the merits notwithstanding his

failure to file his habeas petition within the statute's otherwise applicable limitations period. *McQuiggin v. Perkins*, 566 U.S. 386 (2013). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623–24 (1998) (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). To pass through this gateway, a petitioner must satisfy the standard for actual innocence articulated by the Supreme Court in *Schlup*. Under *Schlup*, a petitioner must show that, in light of newly presented evidence, "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt," *id.* at 327, or, to remove the double negative, "that more likely than not any reasonable juror would have reasonable doubt," *House v. Bell,* 547 U.S. 518, 538 (2006).

*Schlup* makes clear that, "[t]o be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." 513 U.S. at 324. This new evidence must do more than counterbalance the evidence that sustained the petitioner's conviction. *See Sibley v. Culliver*, 377 F.3d 1196, 1207 (11th Cir. 2004) (concluding that even if new evidence showed that the murder victim was the aggressor, "a reasonable juror could still quite possibly have concluded that [petitioner] acted with murderous intent, rather than out of self-defense"). The new evidence must be so significant and reliable that, considered with the trial record as

a whole, it "undermine[s] confidence in the result of the trial." *Schlup*, 513 U.S. at 327 (internal quotation marks omitted).

Here, Petitioner does not support his actual innocence claim with any new evidence. He instead relies on the evidence presented at trial, arguing it was insufficient to satisfy the elements of second degree murder and attempted second degree murder. *See* ECF No. 18 at 2–4. As previously discussed, mere legal insufficiency does not satisfy the actual innocence exception. *See Bousley*, 523 U.S. at 623; *Rozelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.3d 1000, 1013 (11th Cir. 2012); *Johnson v. Fla. Dep't' of Corr.*, 513 F.3d 1328 (11th Cir. 2008) (citing *Bousley*). Accordingly,

**IT IS ORDERED**:

The report and recommendation, ECF No. 17, is **accepted and adopted**, over the Petitioner's objections, as this Court's opinion. Respondent's motion to dismiss, ECF No. 12, is **GRANTED**. The Clerk shall enter judgment stating, "Petitioner's amended petition for writ of habeas corpus is **DISMISSED with prejudice** as untimely." A certificate of appealability is **DENIED**. The Clerk shall close the file.

**SO ORDERED on April 6, 2022.**

s/Mark E. Walker<br>
**Chief United States District Judge**